IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

UNITED STATES OF AMERICA,          *

vs.                                *
                                        CASE NO. 4:22-cr-32 (CDL)
DAVID GIBSON,                      *

        Defendant.                 *

_____

O R D E R

Whether you consider yourself an "originalist," "a living-constitutionalist," or "undeclared," we all should be able to agree that the people through their elected representatives have the right to prohibit fellow citizens from possessing potentially dangerous firearms while unlawfully using drugs that have been designated as controlled substances. And it shouldn't take a law review type order to say so.

In this case, Defendant knowingly and voluntarily pled guilty to a violation of 18 U.S.C. § 922(g)(3), which makes it illegal for an unlawful user of a controlled substance to possess a firearm. Change of Plea 1 (Mar. 23, 2023), ECF No. 59. In his plea colloquy, he admitted that he possessed firearms while unlawfully using controlled substances. *Id.* (incorporating Superseding Indictment, ECF No. 36); Change of Plea Hearing Transcript 30:25–31:2, 33:5–10, 33:22–34:7, ECF No. 69. He further admitted during the plea colloquy to the accuracy of the

Government's proffer of the essential facts supporting the charge, which included witnesses who would testify as to Defendant's regular drug use.  Change of Plea Hearing Transcript 31:10-33:7; *see* Motions Hearing Transcript 36:20-37:18, ECF No. 72; *see also* Motions Hearing Transcript 10:21-11:10, 13:18-14:2, 18:3-12, 24:13-21, 31:24-32:8.  Defendant subsequently moved to withdraw his guilty plea based in part on an argument that, as applied to him, § 922(g)(3) violated the Second Amendment to the Constitution.  Motion to Withdraw Plea of Guilty 3, ECF No. 64. In response to that motion, the Court found that no just and fair reason existed to allow the withdrawal of Defendant's knowing and voluntary plea, which was supported by an independent basis in fact containing each of the essential elements of the offense. *See* Order, ECF No. 73.  The Court admittedly brushed over Defendant's Second Amendment argument in its previous concise order, thinking the argument bordered on the frivolous.  In light of a flurry of relatively recent opinions on this issue, some of which devote substantial time and effort to scholarly discussions of the subject, the Court finds it appropriate to add more explanation to its previous summary conclusion that the application of § 922(g)(3) to Defendant's conduct does not violate the Second Amendment.

DISCUSSION

In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court modified the framework for analyzing Second Amendment claims.  142 S. Ct. 2111 (2022).  Under that framework, if the "Second Amendment's plain text covers an individual's conduct," then "the Constitution presumptively protects that conduct."  *Id.* at 2126.  To rebut that presumption and avoid a violation of the Second Amendment, the Government must demonstrate, through historical analogy, "that the regulation is consistent with this Nation's historical tradition of firearm regulation."  *Id.*

Here, the Court finds that § 922(g)(3) does not impermissibly infringe upon the Second Amendment as applied to Defendant under the *Bruen* framework.  The historical record is replete with examples of the Second Amendment-Ratification-Generation regulating the possession of firearms when that possession would be dangerous to others.  *See, e.g.*, *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, at *10-13 (5th Cir. Aug. 9, 2023) (summarizing historical evidence of laws disarming dangerous individuals); *Kanter v. Barr*, 919 F.3d 437, 456-58 (7th Cir. 2019) (Barrett, J., dissenting) (same), *abrogated by Bruen*, 142 S. Ct. 2111.  The application of § 922(g)(3) to Defendant based upon the conduct to which he admitted is simply not inconsistent with "the Nation's historical tradition of firearm regulation."  *Bruen*, 142 S. Ct. at 2130.  The present case does not involve a defendant who

was an unlawful user of drugs at some time in the distant past. *See* Change of Plea Hearing Transcript 31:21-24 (explaining that Defendant admitted to smoking methamphetamine the night prior to and the morning of law enforcement's search of his residence, during which law enforcement found firearms). According to his voluntary admissions, the Defendant was an unlawful user of controlled substances at the very time that he possessed firearms. *Id.* at 33:5-34:7. Our founding generation certainly could have prevented the possession of a firearm by tavern-goers while they were consuming pints of intoxicating ale; consistent with this history, surely modern-day Americans can prevent the deadly mixture of firearms and illegal drugs, particularly when the possession of the firearm occurs simultaneously with the use of the drugs. The Second Amendment's right to bear arms does not prohibit the people's representatives from enacting such legislation, and § 922(g)(3)'s application to the facts of this case does not violate the Second Amendment. Defendant's motion to withdraw his guilty plea (ECF No. 64) based upon the Second Amendment is denied.[1]

---

[1] The Court also rejects Defendant's vagueness challenge to § 922(g)(3). The statute clearly apprises the unlawful user of a controlled substance that he is prohibited from possessing a firearm. After the essential elements of the offense were adequately explained to Defendant during his plea colloquy, he admitted to facts that established these essential elements. Furthermore, the Government made an independent proffer of evidence establishing each of the essential elements of the offense. Far-fetched hypotheticals do not change these facts or the inescapable

IT IS SO ORDERED, this 24th day of August, 2023.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

conclusion that this statute clearly captures Defendant's conduct without infringing on his Second Amendment rights.