IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | : | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO.: 4:22-CR-32 (CDL) |
| | : | |
| v. | : | |
| | : | |
| **DAVID GIBSON,** | : | |
|           **Defendant,** | : | |
| | : | |
| **MELANIE GIBSON,** | : | |
|           **Petitioner.** | : | |

## CONSENT ORDER

The Settlement Agreement and Release of Claims entered herein by the United States of America, and *Pro Se* Third-Party Petitioner Melanie Gibson ("Petitioner"), have executed and presented to the Court a Stipulated Settlement Agreement and Release of Claims ("Agreement"), which is attached hereto and made a part of this Order, in which they agreed that the United States shall release the following personal property to the Petitioner:

**FIREARMS AS LETTERED IN THE PRELIMINARY ORDER OF FORFEITURE**

    B.    one (1) SCCY, Model: CPX-2, 9mm pistol, Serial Number: 421375;

    C.    one (1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: WA101077;

    G.    one (1) Savage, Model: Axis, .22-250 caliber rifle, Serial Number: K387987;

    I.    one (1) Rossi, SA .410 shotgun, Serial Number: SP937473;

    M.    one (1) Browning, Model: Maxus, 12 gauge shotgun, Serial Number: 115ZY04039;

    O.      one (1) Winchester, Model: 67, .22 caliber short rifle with no serial number, manufactured between 1934 and 1960;

    P.      one (1) Winchester, Model: 02, .22 caliber short rifle with no serial number, manufactured between 1902 and 1931;

    U.      one (1) American Gun Company, 12 gauge shotgun, Serial Number: 340408;

    V.      one (1) Heritage, Model: Rough Rider, .22 caliber revolver, Serial Number: W00766;

    W.      one (1) Ruger, Model: P90, .45 caliber pistol, Serial Number: 661-10171;

    X.      one (1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: N056244; and

    Z.      one (1) Iver Johnson magnum shotgun, Serial Number: 002252.

Accordingly, the Court hereby makes the following findings of fact and conclusions of law:

1.      This Court has jurisdiction of this matter pursuant to 18 U.S.C. ' 3231, and venue is proper pursuant to 18 U.S.C. ' 3232 and FED. R. CRIM. P. 18.

2.      On February 15, 2023, a Federal Grand Jury sitting in the Middle District of Georgia, returned a one count Superseding Indictment [Doc. 36] against the Defendant David Gibson (hereinafter referred to as the "Defendant" or "Gibson"). Count One of the Superseding Indictment charged that Gibson, knowing he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, did knowingly possess a firearm, that is, one (1) Taurus, Model: "The Judge", .45 Long colt/.410 caliber revolver, Serial Number: L0418756; one (1) SCCY, Model: CPX-2, 9mm pistol, Serial Number: 421375; one

(1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: WA101077; one (1) Norinco, Model: SKS, 7.62x39mm semi-automatic rifle, Serial Number: 1611308; one (1) Iver Johnson, .22 caliber Winchester Magnum rifle, Serial Number: 001298; one (1) Ruger, Model: 10/22 RB, .22 caliber rifle, Serial Number: 232-80758; one (1) Savage, Model: Axis, .22-250 caliber rifle, Serial Number: K387987; one (1) Winchester, Model: 94, 30-30 caliber rifle, Serial Number: 4989926; one (1) Rossi, SA .410 shotgun, Serial Number: SP937473; one (1) Winchester, Model: 43, .22 caliber rifle, Serial Number: 20426A; one (1) Ruger, Model: 10/22, .22 caliber rifle, Serial Number: 0002-26284; one (1) New England Firearms, Model: Sportster, .17 HMR rifle, Serial Number: NU295541; one (1) Browning, Model: Maxus, 12 gauge shotgun, Serial Number: 115ZY04039; one (1) Remington, Model: 6 rifle with no serial number; one (1) Winchester, Model: 67, .22 caliber short rifle with no serial number; one (1) Winchester, Model: 02, .22 caliber short rifle with no serial number; one (1) Remington, Model: 1100 LT20, 20 gauge shotgun, Serial Number: P212555K; one (1) Western Arms Co., Model: SB100B, .410 caliber shotgun, Serial Number: A927342; one (1) NR Davis and Sons, Model: Diana, 12 gauge shotgun, Serial Number: B1209; one (1) Gustav Genschow and Co., .22 caliber rifle, Serial Number: 13780; one (1) American Gun Company, 12 gauge shotgun, Serial Number: 340408; one (1) Heritage, Model: Rough Rider, .22 caliber revolver, Serial Number: W00766; one (1) Ruger, Model: P90, .45 caliber pistol; one (1) Walther, Model: P22 Q, .22 caliber pistol; one (1) Remington, Model: 11-48 shotgun, Serial Number: 4007387; and one (1) Iver Johnson magnum shotgun, Serial Number: 002252; said firearms having been shipped and transported in interstate and foreign commerce; in violation of Title 18, United States Code, Sections 922(g)(3) and

924(a)(2). *Id*. at pp. 1-2.

3. The Superseding Indictment included a generic Forfeiture Notice, which notified Defendant Gibson that upon conviction of the offense(s) set forth in the Superseding Indictment, that he would be required to forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense(s). *Id*. at pp. 3-4.

4. On March 13, 2023, the United States filed a Notice of Bill of Particulars for Forfeiture of Property as to the Superseding Indictment [Doc. 47], giving the Defendant notice that upon conviction of the offense(s) in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2) set forth in Count One of the Superseding Indictment, the Defendant, shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense, including, but not limited to the following:

**FIREARMS**

A. one (1) Taurus, Model: "The Judge", .45 Long colt/.410 caliber revolver, Serial Number: LO418756;

B. one (1) SCCY, Model: CPX-2, 9mm pistol, Serial Number: 421375;

C. one (1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: WA101077;

D. one (1) Norinco, Model: SKS, 7.62x39mm semi-automatic rifle, Serial Number: 1611308;

E.  one (1) Iver Johnson, .22 caliber Winchester Magnum rifle, Serial Number: 001298;

F.  one (1) Ruger, Model: 10/22 RB, .22 caliber rifle, Serial Number: 232-80758;

G.  one (1) Savage, Model: Axis, .22-250 caliber rifle, Serial Number: K387987;

H.  one (1) Winchester, Model: 94, 30-30 caliber rifle, Serial Number: 4989926;

I.  one (1) Rossi, SA .410 shotgun, Serial Number: SP937473;

J.  one (1) Winchester, Model: 43, .22 caliber rifle, Serial Number: 20426A;

K.  one (1) Ruger, Model: 10/22, .22 caliber rifle, Serial Number: 0002-26284;

L.  one (1) New England Firearms, Model: Sportster, .17 HMR rifle, Serial Number: NU295541;

M.  one (1) Browning, Model: Maxus, 12 gauge shotgun, Serial Number: 115ZY04039;

N.  one (1) Remington, Model: 6 rifle with no serial number;

O.  one (1) Winchester, Model: 67, .22 caliber short rifle with no serial number, manufactured between 1934 and 1960;

P.  one (1) Winchester, Model: 02, .22 caliber short rifle with no serial number, manufactured between 1902 and 1931;

Q.  one (1) Remington, Model: 1100 LT20, 20 gauge shotgun, Serial Number: P212555K;

R.  one (1) Western Arms Co., Model: SB100B, .410 caliber shotgun, Serial Number: A927342;

  S.  one (1) NR Davis and Sons, Model: Diana, 12 gauge shotgun, Serial Number: B1209;

  T.  one (1) Gustav Genschow and Co., .22 caliber rifle, Serial Number: 13780;

  U.  one (1) American Gun Company, 12 gauge shotgun, Serial Number: 340408;

  V.  one (1) Heritage, Model: Rough Rider, .22 caliber revolver, Serial Number: W00766;

  W.  one (1) Ruger, Model: P90, .45 caliber pistol, Serial Number: 661-10171;

  X.  one (1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: N056244;

  Y.  one (1) Remington, Model: 11-48 shotgun, Serial Number: 4007387; and

  Z.  one (1) Iver Johnson magnum shotgun, Serial Number: 002252.

  5.  On March 23, 2023, Defendant pled guilty to Count One of the Superseding Indictment charging Gibson with Possession of a Firearm by a Prohibited Person, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2). *See* Docs. 59-60.

  6.  On March 31, 2023, the United States filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture [Doc. 61], which included the forfeiture of the firearms listed in paragraph 4 above. The Court entered an Order [Doc. 62] granting the preliminary motion on April 25, 2023.

  7.  The United States has provided direct written notice to third parties who may have a legal interest in the aforementioned property, and notice of this forfeiture and the intent of the United States to dispose of the property in accordance with the law by publishing and notifying third parties of their right to petition the Court within thirty

(30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, www.forfeiture.gov, whichever is earlier, for a hearing to adjudicate the validity of their alleged legal interest in the property.

8. On June 1, 2023, Petitioner filed a Petition [Doc. 65], to which she asserted her interest in the firearms listed in the preliminary forfeiture order lettered as A, B, C, F, G, I, M, O, P, Q, U, V, W, X, and Z.

9. No other ancillary petitions have been filed with the Court, and the time to do so has expired.

10. In her Claim, Petitioner states that "the majority of these guns were inherited from my Grandfather Ruben Anderson. I have no direct link to show that beyond my mother telling whomever that she gave them to me from Ruben." *See* Doc. 65 at p. 2.

11. Firearms Trace Summary reports revealed that Petitioner was the original purchaser for three (3) of the claimed firearms. Defendant David Gibson was the original purchaser of two (2) of the firearms, and Robert Gibson was the original purchaser of one (1) firearm. The remaining firearms were originally purchased by other individuals. In addition, two (2) of the firearms claimed by the Petitioner had no serial number.

12. There is sufficient evidence to warrant a conclusion, by a preponderance of evidence standard, that the claimed firearms were involved in the commission of the aforementioned offense, and is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c).

13. However, the Petitioner has shown that interest in certain firearms were likely vested in her rather than the Defendant and was superior to any right, title, or interest of the Defendant at the time of the commission of the acts, which gave rise to the forfeiture of the property, in accordance with Title 21, United States Code, Section 853(n)(6)(A).

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Upon the entry of this Consent Order, the United States prevailing against any other claims, and the entry of a final order of forfeiture releasing the agreed upon firearms, the United States will transfer the following firearms to Petitioner:

**FIREARMS AS LETTERED IN THE PRELIMINARY ORDER OF FORFEITURE**

B. one (1) SCCY, Model: CPX-2, 9mm pistol, Serial Number: 421375;

C. one (1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: WA101077;

G. one (1) Savage, Model: Axis, .22-250 caliber rifle, Serial Number: K387987;

I. one (1) Rossi, SA .410 shotgun, Serial Number: SP937473;

M. one (1) Browning, Model: Maxus, 12 gauge shotgun, Serial Number: 115ZY04039;

O. one (1) Winchester, Model: 67, .22 caliber short rifle with no serial number, manufactured between 1934 and 1960;

P. one (1) Winchester, Model: 02, .22 caliber short rifle with no serial number, manufactured between 1902 and 1931;

  U. one (1) American Gun Company, 12 gauge shotgun, Serial Number: 340408;

  V. one (1) Heritage, Model: Rough Rider, .22 caliber revolver, Serial Number: W00766;

  W. one (1) Ruger, Model: P90, .45 caliber pistol, Serial Number: 661-10171;

  X. one (1) Walther, Model: P22 Q, .22 caliber pistol, Serial Number: N056244; and

  Z. one (1) Iver Johnson magnum shotgun, Serial Number: 002252.

2. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

3. The United States may void the Agreement if, before transfer and release of the specified, the United States Attorney obtains new information indicating that the Petitioner is prohibited from possessing firearms.

4. Pursuant to 28 U.S.C. § 2465, no parties shall be entitled to attorney's fees, including any costs under 28 U.S.C. § 2412.

5. The remaining firearms listed in the Preliminary Order of Forfeiture shall remain subject to forfeiture.

SO ORDERED, this **9th** day of **April, 2024**.

        S/ Clay D. Land
        CLAY D. LAND, JUDGE
        UNITED STATES DISTRICT COURT
        MIDDLE DISTRICT OF GEORGIA

THE ENTRY OF THE FOREGOING ORDER IS CONSENTED TO BY:

PETER D. LEARY
UNITED STATES ATTORNEY

_____
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410

_____
MELANIE GIBSON
*PRO SE* THIRD-PARTY PETITIONER